HEATHER E. WILLIAMS, SBN #122664
Federal Defender
RACHELLE BARBOUR, SBN #185395
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
MICHAEL BUCHNO-FACTOR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:24-CR-00243-KJM |
| Plaintiff, | **DEFENSE SENTENCING MEMORANDUM** |
| vs. | Date:  January 14, 2025 |
| | Time: 10:00 a.m. |
| MICHAEL BUCHNO-FACTOR, | Judge: Hon. Kimberly J. Mueller |
| Defendant. | |

I.      INTRODUCTION

        Mr. Buchno-Factor will appear before this Court on Tuesday, January 14, 2025 for

sentencing in this case.  There are no formal objections.  The Probation Office has correctly

determined that Mr. Buchno-Factor's sentencing range is 360 months to the statutory maximum.

That sentencing range has already been dramatically increased by Mr. Buchno-Factor's prior

criminal history and the operation of USSG section 4B1.5, which increased his criminal history

from the calculated III to V.  (PSR (Doc. 26) p. 10, para. 45.)  This increase, and the structure of

the sentencing table, means that Mr. Buchno-Factor's guideline range has not been reduced for

his significant acceptance of responsibility.  Further, as discussed in the PSR, Mr. Buchno-

Factor's young life was marked by abuse and neglect.  A sentence of 324 months (27 years) is

more than sufficient to address all the sentencing factors set forth in 18 U.S.C. section 3553.

II.  A SENTENCE OF 324 MONTHS IS REASONABLE IN LIGHT OF 18 USC SECTION
     3553

Because of the enormous federal statutory ranges and the effect of the sentencing guidelines, federal sentences are often dispensed in decades.  These heavy sentences become routine, and therefore a difference of months or years in prison starts to seem minimal.  Here, the Probation Office notes Mr. Buchno-Factor's "mitigating factors for consideration," but ultimately recommends a 390-month sentence because of Mr. Buchno-Factor's history, which has already led to the extreme sentencing range at issue.  Had Mr. Buchno-Factor lacked prior conduct, he would have faced a minimum of 15 years in custody in this case.  Because of his prior conduct, he cannot get less than the 25-year statutory minimum.

Statutory and guideline adjustments are a one-way ratchet.  Mr. Buchno-Factor's mandatory minimum is increased by a decade for his prior conduct.  His calculated criminal history (III) already takes his prior conduct into account, but the guidelines add yet one more increase – Mr. Buchno-Factor's calculated criminal history of III is increased to V, again for the same prior conduct.  (Doc. 26, para. 45.)

The range imposed by Mr. Buchno-Factor's *calculated* criminal history of III and his adjusted offense level of 39 is 324 to 405 months.  A sentence of 324 months is 27 years, a huge amount of time for any defendant to spend in prison.  Mr. Buchno-Factor is currently 36 years old: a 27-year sentence will keep him incarcerated until his early 60s.  Because of the type of offense, he will not gain any early release under the First Step Act for programming.  Mr. Buchno-Factor is unlikely to obtain any counseling specific to his offense until the last few years of incarceration because access to counseling is prioritized based on release date.  BOP Program Statement P5324.10, pp. 16, 17, 22.  For decades prior to that point, he will be warehoused, at considerable taxpayer expense.  (Doc. 26, para. 83.)

The difference between the defense recommendation of 324 months and the Probation Officer's recommendation of 390 months is five-and-a-half years – itself a hefty punishment. The Defense urges the Court to consider the severity of the recommended sentence, and the

1    specific information discussed below, in determining that 324 months is sufficient but not greater

2    than necessary to address the factors set forth in 18 U.S.C. section 3553.

3    III.    MR. BUCHNO-FACTOR ACCEPTED RESPONSIBILITY EXTREMELY

4            QUICKLY, REMOVING ANY LITIGATION RISK FOR THE GOVERNMENT,

5            PROMOTING COURT EFFICIENCY, AND SAVING THE VICTIM AND

6            HIS/HER FAMILY FROM HAVING TO TESTIFY

7    Mr. Buchno-Factor was brought to federal custody on an Information on September 16,

8    2024. (Doc. 10.)  He immediately pled guilty to the charge against him on October 8, 2024,

9    accepting responsibility for a very severe crime and agreeing to serve a sentence of at least 27

10   years.  (Doc. 19.)

11   At every stage, Mr. Buchno-Factor has demonstrated his remorse and his acceptance of

12   responsibility.  However, his guideline range does not reflect any decrease in sentence for

13   accepting responsibility.  Had Mr. Buchno-Factor pressed this charge to trial and lost his three

14   levels for acceptance of responsibility, he would have faced the same sentencing range: 360 to

15   the statutory maximum (offense level 42, criminal history V.)  It is unfair for Mr. Buchno-Factor

16   to receive no credit for his acceptance of responsibility in a system that prizes every step that he

17   has taken to resolve this case efficiently.

18   The considerations that underlie the acceptance reduction apply strongly here.  Mr. Buchno-

19   Factor has truthfully admitted all the conduct alleged against him.  He agreed to proceed on an

20   Information, allowing the Government to avoid the time and expense necessary to indict him in

21   this international case.  He pled guilty extremely quickly, within a few weeks of his first

22   appearance in federal court.  He did not put the Government to its burden of proof at trial.  He

23   did not file motions.  He stipulated to the guidelines.  The Government never had to prepare its

24   witnesses and evidence for grand jury, motions, or trial.  This also allowed the Court to

25   "schedule its calendar efficiently."  All these factors are laid out in USSG section 3E1.1 and

26   support a sentence of 324 months.

27   Accepting responsibility in this type of case also means that the illegal images will not have

28

1    to be shown in public.  Court staff, attorneys, jurors, and others will not have to see them.  There

2    is a significant positive effect to early acceptance in this case.

3          If Mr. Buchno-Factor received a real, functional three-level decrease from his current

4    offense level of 42, he would face a range of 292 to 365 months (for an offense level of 36 and

5    an aggravated criminal history of V.)  The sentence he requests, 324 months, is squarely within

6    that range.  Even a two-level decrease for acceptance would take him to a range of 324-406 (for

7    an offense level of 37 and the aggravated criminal history of V).  A sentence of 324 months

8    accurately reflects the importance of accepting responsibility, especially in such a serious case

9    that would take considerable resources to try.[1]

10         IV. MR. BUCHNO-FACTOR EXPERIENCED SEVERE NEGLECT AND ABUSE AS A

11              YOUNG CHILD

12         As documented in the PSR, Mr. Buchno-Factor's mother was an abusive drug addict who

13   left Mr. Buchno-Factor to fend for himself as a toddler.  His mother's sister, Diana, noted that

14   she would visit and see young Michael "horribly skinny, very dirty, and seeking food from the

15   neighbors."  Diana told undersigned counsel that young Michael would relieve himself on the

16   porches of the neighbors because he would be locked out of the home by his mother.  Diana and

17   her husband wanted to adopt Michael to get him out of this horrible situation, but Michael's

18   mother refused, as she used Michael as her "meal ticket."  (Doc. 26, PSR, paras. 51-52.)

19         A type of stability came in the form of Michael's father, who was also a drug addict and

20   an abusive alcoholic but more functional than Michael's mother.  (Doc. 26, para. 53.)  Although

21   Michael's father enrolled him in school and kept a roof overhead, he also got drunk and became

22   abusive multiple times a week.  It is a reflection of just how dysfunctional Michael's background

23   was that he describes his father as "supportive."

24         When Mr. Buchno-Factor was too young to understand, he was left to fend for himself in

25   an unsafe environment.  His parents failed to protect him.  Mr. Buchno-Factor desperately wants

26

27   [1]  If the Court determines that a within-guidelines sentence is appropriate, then the Defense
     strongly advocates for a bottom-of-the-guidelines sentence of 360 months to reflect Mr. Buchno-
28   Factor's quick and significant acceptance of responsibility.

1  to transcend his background and his criminal history by attending counseling, pursuing his

2  education, and obtaining job skills.  While in custody he has dedicated himself to education.

3  (Doc. 26, para. 69.)  He deeply wants to understand and change his behavior.  He is committed to

4  participating in counseling to further this goal.

5      V.      RESTITUTION: THE PARTIES HOPE TO BE ABLE TO RESOLVE ALL

6                 RESTITUTION ISSUES AT THE SENTENCING HEARING

7      Consistent with Mr. Buchno-Factor's desire to fully accept responsibility in this case, he

8  also wishes to resolve the restitution requests against him.  The Government has provided several

9  claims to the Defense.  The following claims have been resolved:

| Claimant | Series | Attorney | Amount |
|---|---|---|---|
| April | AprilBlonde | Tanya Hankins, RTC[2] | $3000 |
| Violet | At School | Carol Hepburn | $2000 |
| Ali | ZooFamily1 | MVA Law | $3000 |
| Ivy | JBNFlowers2 | Tanya Hankins, RTC | $3000 |
| Julie | JBNFlowers2 | Tanya Hankins, RTC | $3000 |
| Pia | Sweet White Sugar | Debbie Bianco | $3000 |
| Jessy | Surferhair | Debbie Bianco | $3000 |

The Defense has contacted the civil attorneys for the other claimants but has not yet received a

response.  The Defense requests that all outstanding restitution requests resolve for $3000 to

keep parity between the claimants.  The Government has confirmed that the other outstanding

claims at most involve two images of each claimant.

    VI.    THE DEFENSE REQUESTS THAT THE COURT NOT IMPOSE THE $5000 JVTA

            ASSESSMENT

    The $5000 JVTA special assessment may only be imposed if the Court finds that Mr.

Buchno-Factor is "non-indigent."  18 U.S.C. section 3014(a).  This assessment "shall not be

[2]  This information appears incorrect in the PSR.  (Doc. 26, p. 5, para. 14.)

SENTENCING MEMORANDUM –
US v. Buchno-Factor
-5-

1   payable until the person subject to the assessment has satisfied all outstanding . . . orders of

2   restitution, and any other obligation related to victim-compensation arising from the criminal

3   convictions on which the special assessment is based."  18 U.S.C. section 3014(b).

4        In United States v. Sherlock, No. 17-cr-597, 2024 U.S.Dist. LEXIS 148332 (S.D.N.Y.

5   Aug. 19, 2024), the District Court set forth an analysis to determine whether a defendant was

6   "non-indigent" for the purposes of the JVTA.  The Sherlock court based its analysis on United

7   States v. Rosario, 7 F.4th 65, 70 (2nd Cir. 2021), which held that a court "may consider both the

8   resources available to the defendant at the time of sentencing and the defendant's future earning

9   potential" in determining indigency under the JVTA.

10       Regarding his current resources, Mr. Buchno-Factor is "incarcerated with no income nor

11  assets."  (Doc. 26, p. 14, para. 72.)  Regarding future earning potential, the court may consider

12  his "health, financial resources, debts, court-imposed financial obligations, education, work

13  history, vocational skills, language proficiency, and participation in training programs. . . ."

14  Sherlock, at *3.  It is expected that Mr. Buchno-Factor will serve at least 27 years in prison,

15  where – if he is lucky enough to obtain a UNICOR job – he will be paid from 23 cents to $1.15

16  an hour.  https://www.bop.gov/inmates/custody_and_care/unicor_about.jsp (last checked Jan. 7,

17  2025.)  However, UNICOR employes only 8 percent of the BOP population.  All other inmates

18  work in the institution for 12 to 40 cents an hour.

19  https://www.bop.gov/inmates/custody_and_care/work_programs.jsp (last checked Jan. 7, 2025.)

20  Moreover, Mr. Buchno-Factor faces well over $20,000 in restitution orders in this case.  He also

21  will face potential restitution, court fees, and fines in the related Sacramento County criminal

22  case involving the same victim as this matter.

23       Mr. Buchno-Factor obtained a GED in state prison and has some work skills.  However, he

24  will be in his 60s when he is released.  When out of custody, Mr. Buchno-Factor has been

25  unemployed and/or underemployed since 2007.  (Doc. 26, page 13, para. 70.)  His only job, in

26  2022, was picking up garbage three days a week through a job program.  He earned $100 a day.

27  This is his only employment out of custody.  This job history, when combined with Mr. Buchno-

28

Factor's age at the time of release, indicates that he will lack the capacity to support himself and will always be impoverished.  See <u>Sherlock</u>, pp. *3-4.  Mr. Buchno-Factor has negligible work history and will be serving a sentence "so long that [he is] unlikely ever to obtain post-release employment."  <u>Rosario</u>, 7 F.4th at 72.

In <u>Sherlock</u>, the Court held that the defendant was "indigent for the purposes of the JVTA." Like the defendant in Sherlock, Mr. Buchno-Factor has no assets and has "struggled to maintain consistent employment."  <u>Id.</u>, at p. *4.  Mr. Buchno-Factor has not lived independently except on the street.  He has been homeless for most of the time that he has been an adult out of custody, except when he lived in a group home or a shelter.  (Doc. 26, p. 12, paras. 55, 58.)

It is clear that Mr. Buchno-Factor will be indigent whether in or out of custody.  The Defense respectfully requests that the Court find him indigent under the JVTA.

VII.    CONCLUSION

For the above reasons, Mr. Buchno-Factor respectfully requests that the Court sentence him to a term of 324 months in the Bureau of Prisons.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: January 7, 2025               <u>/s/  Rachelle Barbour</u>
                                    RACHELLE BARBOUR
                                    Assistant Federal Defender
                                    Attorneys for Defendant
                                    MICHAEL BUCHNO-FACTOR