PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-243-KJM |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MICHAEL BUCHNO-FACTOR, | |
| Defendant. | |

## INTRODUCTION

The United States respectfully submits its sentencing memorandum concerning Michael Buchno-Factor, who is again convicted of sexual exploitation of a child, with a qualifying prior conviction for sexual assault of a minor. In this case, while on parole, Buchno-Factor violated parole by contacting minors, including the Victim-1, over the internet and obtaining child sexual abuse material from the Victim-1.

Considering the mandatory minimum sentence set forth in 18 U.S.C. § 2251(e), the sentencing guidelines range, and the defendant's prior convictions for offenses with minor victims, the government respectfully requests that the Court impose a total sentence of 390 months in prison, followed by a life term of supervised release. The government also asks that the Court impose special assessments of $5,100, and order restitution as stated in defense's sentencing memorandum.

## FACTUAL BACKGROUND

**A. Factual Background**

The defendant, Michael Buchno-Factor, was on active state parole when on November 2, 2022, his parole agent was notified that Buchno-Factor admitted sending nude photographs to an 11-year old girl, as well as having contact with a 13-year old girl.  Parole agents seized two cell phones from Buchno-Factor, including a phone he was not supposed to have, and noted that Buchno-Factor was using encrypted messaging, and social media on the devices in violation of his parole.  Buchno-Factor was arrested on a parole violation.  A further parole search of Buchno-Factor's room revealed more devices.

A search warrant was obtained for all the seized devices, and law enforcement found CSAM on the two cell phones seized from Buchno-Factor. Chats were also found on at least one of the devices with Victim-1 who appeared to be an 11-year old girl overseas.  The chats included images and videos sent by Victim-1 showing her vagina and touching her vagina.  On November 15, 2022, law enforcement obtained another search warrant, this time, for information from NCMEC relating to Cybertips for various accounts found on Buchno-Factor's phones.  The Cybertips indicated that someone was distributing CSAM from the e-mail accounts found on Buchno-Factor's phones.  Images identified in the Cybertips were found stored on Buchno-Factor's phone, as well as a picture of Victim-1's vagina.

Law enforcement interviewed Buchno-Factor, who was in custody at the RCCC for the parole violation, on December 9, 2022.  After waiving his Miranda rights, Buchno-Factor admitted owning the accounts for the Cybertips, and the phones.  Buchno-Factor admitted accessing the Dark Web to obtain child pornography on his Chromebook and transferring it to his cell phones.

Buchno-Factor also admitted starting contact with T., who defendant thought was a 10-year old German child he met on PenPal-Gate in August of 2022, and with Victim-1, a girl who was going to turn 10-years old in October 2022.  Buchno-Factor used PenPal-Gate, and Likee, to contact the victims. Buchno-Factor stated that he encouraged T. to masturbate, and penetrate himself with a carrot.  Buchno-Factor also sent explicit pictures of the Victim-1 to T., telling T. that Buchno-Factor met a girl about T.'s age who lived overseas and who sent him pictures of "everything."

Buchno-Factor also stated that he told Victim-1 to take pictures and videos of her vagina, and her touching her vagina.  Buchno-Factor stated that Victim-1 sent him a picture of her neighborhood overseas, and Buchno-Factor located it overseas using the Internet.

Forensics confirmed that Buchno-Factor had pictures of an overseas neighborhood as well as images of Victim-1 stored in two folders on his smartphone, one with non-explicit images, and another with explicit images. The files identified in the Cybertips, found in the recovered chats, and sent to T. were found on Buchno-Factor's smartphone. Buchno-Factor admits that the government would be able to prove that his Motorola smartphones were manufactured outside of the United States.

In September of 2023, foreign police interviewed Victim-1, who reported that she was 9-years old at the time she was communicating with Buchno-Factor, and she told Buchno-Factor she was going to turn 10-years old in October. She provided a birth certificate indicating that she was born in October of 2012. She said that she sent Buchno-Factor pictures of her vagina and pictures of something she did to herself that the defendant asked her to do. Doc. 18.

**B. Victims in this Crime**

Victim-1 was interviewed in her home country, and reported taking sexually explicit pictures of herself and sending them to the defendant. Unfortunately, the government has attempted to contact Victim-1's counsel in her home country and has not received a response. Victim-1 did seem embarrassed and reluctant to discuss the defendant in the interview, and confirmed that Victim-1 was 10 years old when the defendant first asked for the sexually explicit images. The government reached out to foreign counsel for Victim-1, but was unable to obtain a victim-impact statement or a restitution request.

**C. Defendant's Prior Convictions**

The defendant's prior convictions are discussed in the pre-sentence report at paragraphs 38-40. PSR at ¶¶ 38-40. In his plea agreement, the defendant agreed that his prior conviction relates to abusive sexual contact involving a minor or ward, triggering the enhanced mandatory minimums, and maximum sentence. Doc. 18 at 9.

## LEGAL ARGUMENT

**A.    The Sentencing Guidelines Calculations**

Probation calculated the Sentencing Guidelines as follows: a base offense level of 32. U.S.S.G. §2G2.1(a)(1). PSR ¶ 18. After application of specific offense characteristics a minor victim who had

not attained the age of 12 years (4-level, §2G2.1(b)(1)(A)), sexual act / contact (2-level, §2G2.1(b)(2)(A)), distribution (2-level, §2G2.1(b)(3)), use of a computer / messaging (2-level, USSG §2G2.1(b)(6)(B)), and the 3-level reduction of acceptance of responsibility (§3E1.1), the resulting offense level is 39.  PSR at ¶¶ 18-30.  This comports with the anticipated calculations from the plea agreement.  Doc. 18 at pp. 10-11.

The Government agrees with the Probation Department's criminal history computations.  Defendant's criminal history points total 6, resulting in a criminal history score of III, but the operation of U.S.S.G. § 4B1.5 results in a criminal history category of V.  The suggested Guidelines sentencing range for Offense Level 39 and a criminal history category of V is 360-600 months of imprisonment.  The statutory mandatory minimum penalty is 300 months.

**B.     Justice for Victims of Trafficking Act Assessment**

The Justice for Victims of Trafficking Act (JVTA) was enacted on May 29, 2015 and is codified in 18 U.S.C. § 3014.  Section 3014 provides for an enhanced $5,000 special assessment for certain crimes, including 18 U.S.C. § 2252, so long as a defendant is not indigent.  Defendant obtained a GED, and obtained certifications in certain trades.  PSR at ¶ 68.  For the purposes of the JVTA, this defendant is non-indigent.  Therefore, the government respectfully requests that the Court order defendant to pay the $5,000 JVTA assessment.

## SENTENCING FACTORS

**A. The Nature of the Offense**

Sexual exploitation of a child, particularly a 10-year old child, is a severe offense.  PSR at ¶ 19.  The nature of the images is also an aggravating factor.  PSR at ¶ 20.

**B. Characteristics of Defendant**

Defendant has a prior conviction under California Penal Code § 288(a) in Placer County in 2008.  In 2011, he violated parole by having child pornography, but it was resolved with a parole violation.  PSR at ¶ 38.  He had multiple returns to custody while on parole.

In 2013, the defendant reached out to a minor of a similar age to Victim-1, through a pen-pal site, and was ultimately convicted of annoying a child in violation of Penal Code § 647.6, and

possession of child pornography in violation of Penal Code § 311.11 as felonies. The defendant was on parole at the time of this offense.

Defense counsel is correct that the defendant readily confessed to his conduct, and resolved this case before indictment. Doc. 27 at 3-4.

**C. Promote Respect for the Law, Protect the Public, Punishment and Deterrence**

A sentence of 390 months, or 32.5 years, would "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The government's request is on the lower end of the 360-600 month sentencing guideline range. Given that the defendant has essentially been on parole or in custody on child victim offenses since the age of 19, and that he re-offended a few months after being paroled, a lengthy term of incarceration is sufficient, but no greater than necessary to satisfy the sentencing factors under 3553.

## CONCLUSION

Based upon the reasons set forth above, the United States respectfully requests that the Court impose the mandatory minimum sentence of 390 months in custody, to be followed by a lifetime term of Supervised Release, and a $5,100 special assessment. The government requests that the Court order defendant to pay restitution as stated in the defense's sentencing memo at p. 5, and understands that defense counsel may have resolved the outstanding restitution issue by the time of sentencing.

Dated: January 7, 2025

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney